UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

v.                                              Criminal Case No. 18-20324

Joshua Everette Kordish,                Civil Case No. 20-11577

    Defendant/Petitioner.
_____/

**OPINION & ORDER**
**DENYING MOTION UNDER 28 U.S.C. § 2255**
**AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

Defendant/Petitioner Joshua Everette Kordish ("Kordish") pleaded guilty to Production of Child Pornography and Commission of Felony Offense Involving a Minor When Required to Register as a Sex Offender, in violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2260A, and was sentenced to a term of 525 months of imprisonment. He did not file a direct appeal. Acting *pro se*, Kordish filed the instant motion seeking to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Kordish's motion asserts that he received ineffective assistance of counsel. The matter is ripe for a decision by the Court. For the reasons set forth below, the Court shall DENY Kordish's motion and decline to issue a certificate of appealability.

**BACKGROUND**

In Criminal Case Number 18-20324, Kordish was charged in a four-count Indictment with child pornography and related offenses. Kordish was represented by appointed counsel, attorney Jonathan Epstein with the Federal Defender Office.

Pursuant to a Rule 11 Plea Agreement (ECF No. 30), Kordish pleaded guilty to Counts

1

One and Three of the Indictment, which charged him with the Production of Child Pornography and Commission of Felony Offense Involving a Minor When Required to Register as a Sex Offender, in violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2260A.  In exchange, the Government agreed to dismiss Count Two (Online Coercion and Enticement of a Minor) and Count Four (Transfer of Obscene material to a Minor). (*Id.* at 7).

The Rule 11 Plea Agreement contained an appeal waiver that provided that "defendant waives any right he may have to appeal his conviction on any grounds."  But "[t]he waiver of appeal does not bar filing claim of ineffective assistance of counsel in court." (*Id*. at ¶ 7).

Kordish entered his guilty plea on December 19, 2018.  (*See* ECF No. 49, Transcript of 12/9/18 Plea Hearing).  At his plea hearing, Kordish confirmed – *under oath and on the record* – that he had reviewed the Indictment with his attorney Mr. Epstein, and that his attorney had answered each and every question he had concerning it.  Kordish confirmed that he was aware of the charges and his sentencing exposure.  Kordish confirmed that he had carefully reviewed the Rule 11 Plea Agreement with his attorney, that his attorney had answered each and every question regarding it before Kordish signed it, and that Kordish was satisfied with the representation that he had received from Mr. Epstein.  (*See* ECF No. 47).  Kordish also confirmed, *again under oath*, that no promises other than those included in the Rule 11 Agreement had been made to him:

> THE COURT: Okay.
>     Now, Mr. Kordish, apart from what is contained in the Rule 11 Agreement which we just reviewed, have you been promised by this Court which would be me, the Judge, the attorney for the government, Ms. Jawad, or your attorney, Mr. Epstein, that you're going to be placed on probation or receive any other specific sentence in return for pleading guilty here this afternoon?  In other words, any promises?

> DEFENDANT KORDISH: No. No, no, sir. There was no promises made.
>
> . . . .
>
> THE COURT: Okay. Has anyone tried to force you to plead guilty by any mistreatment or pressure?
>
> DEFENDANT KORDISH: No, sir.
>
> THE COURT: Are you pleading guilty freely and voluntarily because you are guilty, and it is your choice to plead guilty?
>
> DEFENDANT KORDISH: Yes, sir.

(*Id.* at PageID.289). This Court found Kordish competent to enter a free, knowing, and voluntary guilty plea, accepted that plea, and took the Rule 11 Agreement under advisement.

This Court later accepted the Rule 11 Agreement, and sentenced Kordish to be imprisoned for a term of 405 months as to Count 1, 120 months as to Count 3, with "[b]oth counts to run concurrent to the undischarged State of Pennsylvania term of imprisonment in Case # CP-33-CR-0000108-2014." (ECF No. 36). The Judgment was issued on April 24, 2019. (*Id.*).

Kordish did not file a direct appeal.

Acting *pro se*, on May 30, 2020, Kordish filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, asserting that his trial counsel provided ineffective assistance to him. (ECF No. 39). Although the motion was not filed until that date, Kordish signed and dated the motion on December 19, 2019.

Kordish's § 2255 Motion asserts one ground for relief, "Ineffective Assistance of Counsel." (*Id*. at PageID.213). As supporting facts, Kordish's motion states, in its entirety:

> I feel as tho [sic] my Federal community Defender pushed my case thru. I asked several times to have him call, email or contact people who could testify in my favor, nor did he attempt to give the U.S.A. Plea offers to them I would have of

3

> Been willing to sign.
> He walked me Right in and made me Believe If I signed I'd get a LESSER time them [sic] I would If I took it to trial. He assured me I'd get 20 Years.

(*Id*.). Kordish did not submit a supporting brief in support of his § 2255 motion, nor did he submit an affidavit or declaration in support of it.

Kordish asked the Court to appoint counsel for him, for purposes of his § 2255 motion, but that request was denied.

Kordish did not request an evidentiary hearing and, to the contrary, filed a separate submission, stating that he wished to waive his presence in Court for purposes of the determination of his § 2255 motion. (ECF No. 45).

The Government filed a brief in opposition to Kordish's motion. It contends, as an initial matter, the motion appears to be untimely and could be denied on that basis. But it also takes the position that it should nevertheless be denied on the merits. The Government agrees with Kordish that an evidentiary hearing is not necessary.

The docket reflects that Kordish did not file a reply brief and the deadline given for filing one (September 21, 2020) has long since passed.

The docket further reflects that the last order sent to Kordish pertaining to this motion was returned as undeliverable (ECF No. 55) because, despite being advised in writing to update the Court of his current address if it should change (ECF No. 42), Kordish has not done so.

## ANALYSIS

Kordish's Motion To Vacate is brought pursuant to 28 U.S.C. § 2255, which provides as follows:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255. To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Defendants seeking to set aside their sentences pursuant to 28 U.S.C. section 2255 have the burden of establishing their case by a preponderance of the evidence. *McQueen v. U.S.*, 58 Fed. App'x 73, 76 (6th Cir. 2003).

Kordish's Motion to Vacate contains just one ground for relief – that he received ineffective assistance of counsel in violation of his constitutional rights.

"[P]roving ineffective assistance of counsel 'is *never* an easy task.'" *Carter v. Parris*, 910 F.3d 835, 838 (6th Cir. 2018) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). To show that he was denied his right to effective assistance, Kordish must demonstrate two things: 1) that

5

his counsel's performance was deficient; *and* 2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A party asserting an ineffective assistance of counsel claim must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

Here, Kordish asserts that his trial counsel provided ineffective assistance to him. As to this alleged deficient performance, Kordish's motion asserts, in its entirety:

> I feel as tho [sic] my Federal community Defender pushed my case thru. I asked several times to have him call, email or contact people who could testify in my favor, nor did he attempt to give the U.S.A. Plea offers to them I would have of Been willing to sign.
> He walked me Right in and made me Believe If I signed I'd get a LESSER time them [sic] I would If I took it to trial. He assured me I'd get 20 Years.

(ECF No. 39 at PageID.213). Kordish did not file a supporting brief, nor did he file an affidavit or declaration in support of his motion.

It is well established that when a defendant files a section 2255 motion, he or she must set forth facts establishing entitlement to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted).

Thus, Kordish's vague assertion about unidentified persons, who could have possibly testified favorably, as to unspecified facts or matters, is insufficient to entitle him to relief.

Kordish's remaining assertions *conflict with his own sworn testimony during his plea colloquy* on December 19, 2018. As such, those assertions do not entitle him to an evidentiary hearing or any relief on his § 2255 motion. *See Baker v. United States*, 781 F.2d 85 (6th Cir.

6

1986) ("where the court has scrupulously followed the required procedure [of a Rule 11 plea hearing], the defendant is bound by his statements in response to the court's inquiry."; *Montante v. United States*, 2020 WL 4607575 (6th Cir. 2020) (affirming district court's denial of § 2255 motion, without an evidentiary hearing, where the petitioner's assertions conflicted with his own sworn testimony during his plea colloquy.)

In addition, to prevail on his § 2255 motion, Kordish "had to prove that, but for the allegedly bad advice, he would not have taken the plea deal." *Montante, supra*, at *2. As in *Montante*, that is also contradicted by the plea colloquy. When this Court asked Kordish "Are you pleading guilty freely and voluntarily because you are guilty, and it is your choice to plead guilty?" Kordish responded, under oath, "Yes, sir." (ECF No. 49 at 19). And he do so after this Court informed him of the range of possible sentences.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Kordish's § 2255 Motion is DENIED.

It is FURTHER ORDERED that the Court declines to issue a certificate of appealability because this Court concludes that reasonable jurists would not find the Court's assessment of Kordish's claims debatable or wrong.

IT IS SO ORDERED.

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: February 1, 2021